IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL S. TUCKER,

     Plaintiff,

  v.

BNSF RAILWAY COMPANY, a corporation; VERLEY FARMS, business entity, form unknown; DAVID LYNN VERLEY, an individual,

     Defendants.

_____/

No. 2:06-cv-00395-JAM-EFB

ORDER GRANTING SUMMARY ADJUDICATION

    Plaintiff Michael S. Tucker ("Tucker") brought this action against BNSF Railway Company ("BNSF") under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 *et seq.* Tucker simultaneously brought an action against Verley Farms and David Lynn Verley (collectively, "Verley"), for personal injury and premises liability. Defendant BNSF now moves for summary adjudication with respect to Tucker's claims that under FELA,

BNSF was required to install seat belts and padding in the cab of its train.  For the reasons discussed below, summary adjudication is GRANTED with respect to these claims.[1]

BACKGROUND

Plaintiff Tucker was a locomotive engineer for BNSF.  SUF ¶ 1.  On September 21, 2005, Tucker was operating a train in Modoc County which collided with a truck driven by David Verley.  Id. ¶ 1-2.  As a result of the collision, Tucker was injured.  Id. The cab in which Tucker was standing during the collision did not have padding or seat belts.

OPINION

Rule 56 allows a party to seek summary judgment when there is "no genuine issue as to any material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  In the present case, both parties concede that there were neither seatbelts nor padding in the cab.  Therefore, the issues of liability for failure to provide these safety measures are appropriate for summary adjudication.

Tucker argues that BNSF's failure to provide seatbelts and padding rendered the cab insufficiently safe under FELA.  BNSF counters that it was in compliance with the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. §§ 20101 *et seq.*, regulations

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 78-230(h).

issued by the Federal Railroad Administration ("FRA"), and was therefore not negligent.

FELA imposes liability on common carrier railroads for an employee's:

> injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

Liability under FELA is based on the standards of the Locomotive Inspection Act ("LIA") (formerly the Boiler Inspection Act), 49 U.S.C. §§ 20701 *et seq.* and the Safety Appliance Act, 49 U.S.C. §§ 20301 *et seq.*  See Urie v. Thompson, 337 U.S. 163, 189 (1949).  The statutes must be construed together.  See McCarthy v. Pennsylvania R. Co., 156 F.2d 877, 879 (7th Cir. 1946).

LIA provides:

> A railroad carrier may use or allow to be used a locomotive or tender on its railroad line only when the locomotive or tender and its parts and appurtenances: (1) are in proper condition and safe to operate without unnecessary danger of personal injury; (2) have been inspected as required under this chapter and regulations prescribed by the Secretary of Transportation under this chapter; and (3) can withstand every test prescribed by the Secretary under this chapter.

Courts have established two distinct methods for determining liability under LIA:

> [A] carrier cannot be held liable under the [Locomotive] Inspection Act for failure to install equipment on a locomotive unless the omitted equipment (1) is required by applicable federal regulations; or (2) constitutes an integral or essential part of a completed locomotive.

Mosco v. Baltimore & O. Railroad, 817 F.2d 1088, 1091 (4th Cir. 1987); see also McGinn v. Burlington N. R.R., 102 F.3d 295, 299 (7th Cir. 1996).

Courts have found that, to preserve national uniformity, compliance with FRA regulations precludes a claim under FELA. See Waymire v. Norfolk & Western Ry., 218 F.3d 773, 775 (7th Cir. 2000) (unsafe speed claim); see also Dickerson v. Staten Trucking, Inc., 428 F.Supp.2d 909, 913 (E.D. Ark. 2006) (precluding claim for failure to provide seatbelts and padding); Sindoni v. CONRAIL, 4 F.Supp.2d 358, 365 (M.D. Pa. 1996) (same for crashworthiness).  The FRA regulation governing cab safety states:

> (a) Cab seats shall be securely mounted and braced. Cab doors shall be equipped with a secure and operable latching device.
>
> (b) Cab windows of the lead locomotive shall provide an undistorted view of the right-of-way for the crew from their normal position in the cab. (See also, Safety Glazing Standards, 49 CFR part 223, 44 FR 77348, Dec. 31, 1979.)
>
> (c) Floors of cabs, passageways, and compartments shall be kept free from oil, water, waste or any obstruction that creates a slipping, tripping or fire hazard. Floors shall be properly treated to provide secure footing.
>
> (d) The cab shall be provided with proper ventilation and with a heating arrangement that maintains a temperature of at least 50 degrees Fahrenheit 6 inches above the center of each seat in the cab.
>
> (e) Similar locomotives with open end platforms coupled in multiple control and used in road service shall have a means of safe passage between them; no passageway is

> required through the nose of car body locomotives. There shall be a continuous barrier across the full width of the end of a locomotive or a continuous barrier between locomotives.
>
> (f) Containers shall be provided for carrying fusees and torpedoes. A single container may be used if it has a partition to separate fusees from torpedoes. Torpedoes shall be kept in a closed metal container.

49 CFR 229.119. Significantly, the FRA regulations do not contain any requirement that seatbelts or padding be provided in cabs. BNSF cannot be found liable under LIA for failure to comply with regulations.

BNSF also did not violate its broad duty to maintain the safety of the cab by failing to install seatbelts or padding. Railroad operators are not required to install every new safety device in order to comply with LIA. See Mosco v. Baltimore & O. Railroad, 817 F.2d 1088, 1091 (4th Cir. 1987) ("the term 'parts and appurtenances' does not include every item of equipment that conceivably could be installed on a locomotive."). Rather, LIA covers only "whatever in fact is an integral or essential part of a completed locomotive." Id. (quoting Southern R. Co. v. Lunsford, 297 U.S. 398, 401 (1936). "An integral or essential part of a completed locomotive may be a mechanical component essential to the operation of a locomotive." Dickerson v. Staten Trucking, Inc., 428 F. Supp. 2d 909, 913 (E.D. Ark. 2006) (quoting McGinn, 102 F.3d at 299) (internal citation omitted). In Dickerson, the District Court for the Eastern District of

Arkansas held that seatbelts and padding were not integral or essential parts of a locomotive.  <u>See</u> <u>also</u> <u>Mosco</u>, 817 F.2d at 1091 (protective devices on windows); <u>King v. Southern Pacific Transp. Co.</u>, 855 F.2d 1485, 1489 (10th Cir. 1988) (armrests). Because seatbelts and padding are not integral or essential parts required for the operation of a locomotive, Plaintiff's claim fails.

ORDER

For the reasons stated above, BNSF's Motion for Summary Adjudication of Issues is GRANTED.

IT IS SO ORDERED.

Dated:   August 6, 2008                   _____
                                          JOHN A. MENDEZ,
                                          UNITED STATES DISTRICT JUDGE