IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL S. TUCKER,

        Plaintiff,

   v.

BNSF RAILWAY COMPANY, a corporation; VERLEY FARMS, business entity, form unknown; DAVID LYNN VERLEY, an individual,

        Defendants.
_____/

No. 2:06-CV-395-JAM-EFB

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

    Michael S. Tucker ("Plaintiff") brought this action against BNSF Railway Company ("BNSF"), Verley Farms, and David Lynn Verley for violation of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 *et seq.*, personal injury, and premises liability.  On August 6, 2008, this Court issued an order granting summary adjudication on Plaintiff's claim that under FELA, BNSF was required to install seat belts and padding in its cabs.  Plaintiff now moves for reconsideration.  BNSF opposes

the motion.  For the reasons stated below, Plaintiff's Motion for Reconsideration is DENIED.[1]

OPINION

Rule 54(b) states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

However, E.D. Cal. L. R. 78-230(k) states, amongst other things, that a party moving for reconsideration must show:

> [W]hat new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion, and why the facts or circumstances were not shown at the time of the prior motion.

"To succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Hansen v. Schubert, 459 F.Supp.2d 973, 998 (E.D. Cal. 2006); see also United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 78-230(h).

2

its original decision fails to carry the moving party's burden.")(internal citations omitted).

The Court first notes that Plaintiff has provided no new facts or circumstances, but rather seeks to have this Court reconsider arguments that were already presented in its previous motion. Plaintiff's primary objection to this Court's decision is that the Court allegedly failed to examine its claim using a negligence standard, but rather applied the strict liability standard found in the Locomotive Inspection Act ("LIA"), 49 U.S.C. §§ 20701 *et seq*. Plaintiff's objection is without merit.

This Court applied a negligence standard under FELA. However, this Court found a negligence claim to be precluded. Numerous courts have held that compliance with Federal Railroad Administration ("FRA") regulations precludes a FELA claim. See Waymire v. Norfolk & Western Ry., 218 F.3d 773, 775 (7th Cir. 2000) (unsafe speed claim); see also Dickerson v. Staten Trucking, Inc., 428 F.Supp.2d 909, 913 (E.D. Ark. 2006) (precluding claim for failure to provide seatbelts and padding); Sindoni v. CONRAIL, 4 F.Supp.2d 358, 365 (M.D. Pa. 1996) (same for crashworthiness). Furthermore, a court has specifically held that the provision of seatbelts and padding is not required to comply with FRA regulations. Dickerson, 428 F.Supp.2d at 913. Finally, as the Court noted in its Order, BNSF had no statutory duty to provide seat belts and padding under LIA.

Therefore, this Court concluded that BNSF had complied with FRA regulations, and that, as a result, Plaintiff's negligence claim was precluded.

Plaintiff obviously disagrees with the law that compels this Court to grant summary judgment for BNSF and resorts to name calling in a misguided attempt to get this Court to reverse itself. Among other things, Plaintiff calls the Court's reliance on established precedent "misplaced", "inappropriate", "completely wrong", "mistaken", "manifestly unjust", "incorrect", "prejudicial", and a "clear and manifest error of law". This Court carefully considered the merits of Plaintiff's case and found, as a matter of law, it had no merit. Plaintiff's motion herein does nothing to change the Court's opinion. Indeed, in the absence of any new or different facts, circumstances or law, this Court is compelled to deny this motion for reconsideration. Plaintiff's next stop, if he so chooses, is the Court of Appeals. As far as Plaintiff's case is concerned, this train has left the station.

ORDER

For the reasons stated above, Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: October 7, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4